FILED'08 JUL 11 08:46USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES HINKLE,

        Plaintiff,

v.

SHARON BLACKETTER, CARL KING,
DONALD MILLS, RICHARD MCGRAW,
MICHAEL BURCHAM, DAVID
LILIENTHAL, LAWRENCE KING,
MICHAEL TESTER, WILLIAM
WORKMAN,

        Defendants.

07-CV-13-BR

OPINION AND ORDER

KEVIN N. KEANEY
700 N.E. Multnomah Street,
Suite 1155
Portland, OR 97232
(503)232-9280

        Attorney for Plaintiff

1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**DIRK L. PIERSON**
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
(503)947-4791

      Attorneys for Defendants

**BROWN, Judge.**

      This matter comes before the Court on Plaintiff's Motion for Reconsideration (#52) on the ground that the Court erred when it did not deem admitted several facts that Plaintiff alleges Defendant conceded in its Concise Statement of Material Facts and which Plaintiff contends creates genuine issues of material fact to be resolved by a jury. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Reconsideration and, having reconsidered the merits of Plaintiff's arguments, the Court **DENIES** Plaintiff's request for the Court to alter or to amend its April 11, 2008, Opinion and Order granting Defendants' Motion for Summary Judgment and to alter or to amend its April 11, 2008, Judgment dismissing this matter.

      In its Opinion and Order issued April 11, 2008, the Court granted Defendants' Motion for Summary Judgment on the ground that Plaintiff did not provide sufficient evidence to show a genuine issue of material fact exists that Defendants created the danger of an attack on Plaintiff or acted with deliberate

2 - OPINION AND ORDER

indifference to that danger pursuant to the "danger-creation exception" under 42 U.S.C. § 1983.  The relevant facts were set out in the Court's Opinion and Order and need not be repeated here.

As noted, Plaintiff contends the Court erred when it did not deem admitted several facts that Plaintiff alleges Defendant conceded in its Concise Statement of Material Facts pursuant to Local Rule 56.1(f), which provides:

> For the purposes of a motion for summary judgment, material facts set forth in the concise statement of the moving party, or in the response to the moving party's concise statement, will be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party.

By not specifically denying paragraph five of Plaintiff's Concise Statement, Plaintiff contends Defendants conceded the body alarm Plaintiff wore the day that he was attacked by an inmate at the Eastern Oregon Correctional Institution (EOCI) did not work. Defendants, however, denied Plaintiff's contention in paragraphs 12-14 of their own Concise Statement:  Defendants asserted the body alarm emitted an inaudible signal, and, moreover, that Plaintiff was able to activate the body alarm manually to summon help during the attack.  *See* Opin. and Order at 3-4.

Plaintiff also contends Defendants conceded Plaintiff's paragraphs three and four in which Plaintiff alleged Defendants knew the body alarms issued to corrections officers at EOCI would

3 - OPINION AND ORDER

not send a warning signal if a corrections officer struggled with an inmate because the automatic tilt-switch would likely reset. In its Opinion and Order issued April 11, 2008, the Court found "all Defendants knew the body alarm tilt function would likely reset in a struggle and, therefore, would not automatically alert the control center.  Thus, the Court must determine whether Defendants' knowledge about the limitations of the body alarms defeats summary judgment to the extent Plaintiff's claim is based on that fact."  As explained in the Opinion and Order, the Court concluded Defendants' knowledge of that fact did not create a genuine issue of material fact exists as to whether Defendants acted affirmatively to create a danger to Plaintiff.  Opin. and Order at 16-20.

With respect to Plaintiff's remaining arguments in support of his Motion for Reconsideration, the Court notes it expressly addressed in its Opinion and Order each of the factual allegations raised by Plaintiff.  The Court adheres to its conclusions expressed in the Opinion and Order that Plaintiff has not established a genuine issue of material fact exists as to Plaintiff's claims.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Reconsideration (#52), and, having reconsidered the merits of

4 - OPINION AND ORDER

Plaintiff's arguments, the Court **DENIES** Plaintiff's request for the Court to alter or to amend its April 11, 2008, Opinion and Order and to alter or to amend its April 11, 2008, Judgment dismissing this matter.

IT IS SO ORDERED.

DATED this 10th day of July, 2008.


ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER